IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

**FILED**
MAR 3 1 1997



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| JIMMIE HUMBERS BARNES, | ) | |
| Plaintiff | ) | |
| v. | ) | CV NO. 96-HM-2194-J |
| JOHN KELLY SMITH, UNITED STATES FIDELITY AND GUARANTY COMPANY, and FIDELITY AND GUARANTY LIFE INSURANCE COMPANY, | ) | **ENTERED** |
| Defendants | ) | MAR 3 1 1997 |

### MEMORANDUM OPINION

The above-entitled removed civil action is currently before this Court on the Motion to Remand filed herein on September 19, 1996 by Plaintiff Jimmie Humbers Barnes. For the reasons hereinafter stated, this Court finds that Plaintiff's Motion to Remand is due to be denied.

### FACTUAL AND PROCEDURAL BACKGROUND

This action was filed originally in the Circuit Court of Lamar County, Alabama on December 5, 1995 by Plaintiff Jimmie Humbers Barnes against Defendant John Kelly Smith and corporate Defendants United States Fidelity and Guaranty Company [hereinafter "USF&G"] and Fidelity and Guaranty Life Insurance Company [hereinafter "F&G Life"]. Plaintiff in her state court complaint alleges numerous claims against all Defendants arising out of the sale and purchase of credit life insurance.

It is alleged by Plaintiff that on or about July 21, 1989 Plaintiff entered into an installment loan agreement with First

State Bank of Lamar County [hereinafter "FSB"]. Simultaneously with and incident to this loan, Plaintiff sought term life insurance in the amount of $75,000.00. Plaintiff alleges that FSB referred Plaintiff to an insurance agent, Defendant Smith. Plaintiff went to Defendant Smith and requested the purchase of such life insurance.

Plaintiff further alleges that she executed a medical authorization form in order to obtain this life insurance policy. Plaintiff alleges that unknown to her and without her consent Defendant Smith, acting as agent for Defendants USF&G and F&G Life, placed or caused or allowed to be placed the forged signature of Plaintiff Barnes onto an application for life insurance coverage on the life of Plaintiff Barnes in the amount of $75,000.00 with Defendants F&G Life and USF&G. Subsequent to such forgery, Plaintiff alleges that term insurance policy bearing the number 0558475 was issued on the life of Plaintiff Barnes. Plaintiff goes on to allege, however, that no life insurance coverage was ever provided.

This Court can only resolve this apparent factual contradiction by referring to the complaint filed by Plaintiff and Roger Humbers in CV-95-027 in the Circuit Court of Lamar County, Alabama against Defendants FSB, F&G Life, and two other individuals. That case also centered around the same alleged fraud relating to the sale of credit life insurance policies by FSB and

Defendant F&G Life at issue in this civil action.[1] A copy of the complaint in 95-027 was attached to the Defendants USF&G and F&G Life's Response to Plaintiff's Motion to Remand. It appears from the complaint in 95-027 that Plaintiff's actual contention is that her signature was forged on an application for a term life insurance policy the beneficiary of which policy was the lender, FSB, and not Plaintiff's estate or heirs. This Court hastens to point out that this assertion appears nowhere in Plaintiff's state court complaint in this civil action.

Plaintiff's state court complaint states eleven Alabama state law claims for relief: fraud (Count One), suppression (Count Two), deceit (Count Three), civil conspiracy to defraud (Count Four), forgery (Count Five), conversion (Count Six), civil conspiracy to convert (Count Seven), breach of fiduciary obligations (Count Eight), intentional/negligent failure to procure coverage (Count Nine), negligent hiring, training, retention, and supervision (Count Ten), and outrage (Count Eleven). In the prayer for relief following the forgery and outrage counts Plaintiff seeks compensatory and punitive damages in the amount of fifty million dollars. Plaintiff seeks ten million dollars in compensatory and punitive damages in the amount of ten million dollars in the prayer following all nine other counts.

On August 21, 1996 Defendants F&G Life and USF&G jointly

---

[1] On April 7, 1995 Defendant Smith (who was allegedly F&G Life's sales agent and was never a party defendant in 95-027) and the individual defendants in 95-027 and Plaintiff and Roger Humbers executed a Pro Tanto Release and Settlement Agreement.

3

removed this civil action to the Jasper Division of this United States District Court. Plaintiff timely filed her Motion to Remand on September 19, 1996.

## DISCUSSION

Removing Defendants USF&G and F&G Life's joint Notice of Removal predicated this Court's jurisdiction over this action on 28 U.S.C. § 1332(a) [diversity of citizenship and amount in controversy]. Clearly from the face of Plaintiff's state court complaint, there is more than $50,000.00, exclusive of interest and costs, in controversy in this case. However, while corporate Defendants USF&G and F&G Life are both corporations organized and existing under the laws of the state of Maryland with their principal places of business in a state other than Alabama, individual Defendant Smith is a citizen of the State of Alabama. Removing Defendants USF&G and F&G Life contend that Defendant Smith was fraudulently joined in this civil action by Plaintiff to destroy diversity and keep this civil action out of federal court and thus need not be considered by this Court in determining the propriety of the removal of this civil action.

The removing party bears the burden of proving that a non-diverse defendant was "fraudulently joined" -- that is, either that "there is *no possibility* that the plaintiff would be able to establish a cause of action against the resident defendant in state court or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983)(emphasis added); *Insignia v.*

4

*LaBella*, 845 F.2d 249 (11th Cir. 1988).

A plaintiff's motive for joining a resident defendant is immaterial, even if the defendant is judgment proof, or if a plaintiff is ultimately found not to have a cause of action. "Bad faith in bringing the action is not material; bad faith in the joinder is necessary." *Parks v. The New York Times Co.*, 308 F.2d 474, 477 (5th Cir. 1962)(quoting *Moore's Commentary on the U.S. Judicial Code*, paragraph 0.03(35), p. 234-36).

A defendant has a high burden in establishing fraudulent joinder -- it must present evidence that "compels the conclusion that the joinder is without right and made in bad faith . . .." *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914). A defendant must assert with particularity that a joinder is fraudulent and support the claim by clear and convincing evidence. *See Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962). Both parties may submit affidavits and/or deposition transcripts. *Coker*, 709 F.2d at 1440. The court must evaluate all disputed issues of fact and law in favor of the plaintiff. *Id.* "If there is even a possibility that the state court would find that the complaint states a cause of action against the resident defendants, the federal court must find that joinder was proper and remand the case to the state court." *Id.* at 1440-41.

In support of their assertion of fraudulent joinder, Defendants USF&G and F&G Life point to the Pro Tanto Release and Settlement Agreement of April 7, 1995 which purports to be a release by Plaintiff of her claims such as the ones in this civil

5

action against Defendant Smith. In pertinent part, that release reads:

> KNOW ALL PERSONS THAT, WHEREAS Jimmie L. Humbers . . . (hereinafter referred to as "Releasors") desired to purchase credit life insurance policies regarding loans secured through First State Bank of Lamar County;
> WHEREAS Releasors contemplated the filing of a lawsuit concerning their purchase of credit life insurance wherein the named defendants would have been in whole or in part John Kelly Smith and John Smith Insurance, Inc. (hereinafter referred to as "Releasees");
> NOW, THEREFORE, for and in consideration of the payment of Ten Thousand and no/100 ($10,000.00), the receipt and sufficiency of which is hereby acknowledged, Releasors pro tanto release and forever discharge Releasees, their insurers, agents, servants, employees, officers, parent companies, subsidiaries, affiliated business, heirs, executors and administrators, of any **from any and all general claims that the Releasors may have had up to and including the date this agreement is signed by Releasors, and of and from any and all claims, actions, causes of action, demands, rights, damages, costs, expenses and claims for compensation whatsoever which the undersigned Releasors now have or may hereafter accrue on account of or in any way growing out of the contemplated lawsuit, known and unknown, foreseen and unforeseen and the damages and consequences therefore resulting to or resulting from their purchase of credit life insurance.**

(emphasis added). Plaintiff, citing this same language, urges this Court that there is an ambiguity as to the scope of the release of claims held by Plaintiff against Defendant Smith. Therefore, Plaintiff reasons, there is some possibility of recovery against Defendant Smith, thus precluding his having been fraudulently joinder. This Court flatly disagrees with Plaintiff's construction of the release of Defendant Smith.

According to Plaintiff's state court complaint, the alleged fraudulent acts and forgeries took place in July of 1989. Though there are allegations in Plaintiff's state court complaint that the

6

practice continued with other customers over a period of years, Plaintiff claims to have discovered the alleged fraud perpetrated on her in January of 1995. Since the release was signed April 7, 1995 and specifically recited that it represented a settlement of a contemplated lawsuit by Plaintiff Barnes and Defendant Smith, the only possible construction of this agreement is that it released all claims Plaintiff had against Defendant Smith arising out of the credit life insurance purchase at the center of this civil action.

Moreover, the document releases all claims "known or unknown, foreseen or unforeseen . . . resulting from [Plaintiff's] purchase of credit life insurance." Plaintiff in her Motion to Remand (incredibly) asserts that this language "does not release liability for the then-unknown crimes and acts of forgery by the Smith defendants." Motion to Remand at ¶ 9. Plaintiff also urges that "the release is ambiguous as to release of Smith's future liability for his forgery and conspiracy, acts of Smith." Motion to Remand at ¶ 10. In essence, counsel of record for Plaintiff asks this Court to ignore the plain language of the release and to find some ambiguity regarding future claims that simply *is not present*. Actually, this Court cannot imagine how much more broadly counsel of record for Plaintiff would have had the drafter of the release to word that document so as not to create any ambiguity in counsel's mind. This Court finds, holds and determines that there is no ambiguity in the Pro Tanto Release and Settlement Agreement executed April 7, 1995 regarding the release of Plaintiff's claims against Defendant Smith. In light of this holding, the Court

7

further finds, determines and holds that there is no possibility of recovery against Defendant Smith and as such he was fraudulently joined.

Plaintiff also urges remand of this civil action for failure to timely remove this action. Plaintiff's state court complaint was filed in Lamar County Circuit Court on December 5, 1995 and Defendants filed their notice of removal on August 21, 1996 -- some eight months later. 28 U.S.C. § 1446(b) provides:

> (b)   The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Ordinarily Plaintiff would be correct and would be entitled to remand based on Defendants' failure to timely remove this action. However, when there has been a fraudulent joinder to defeat removal jurisdiction, federal district courts will not enforce the usual thirty day time limit. "[T]he time limits will be ignored when removal is sought on the ground that some defendants have been fraudulently joined to prevent removal. In this situation it is only necessary that the petition be filed within a reasonable time after defendant learns that the joinder is fraudulent." Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3732 (1985); *Accord Cook v. PEP Boys -- Mannie, Moe & Jack, Inc.*, 641 F. Supp. 43, 47 n.2 (E.D. Pa. 1985); *Nosonowitz v. Allegheny Beverage Corp.*, 463 F. Supp. 162, 163 (S.D.N.Y. 1978); *Parks v. New*

*York Times Co.*, 195 F. Supp. 919, 924 (M.D. Ala. 1961)(Johnson, J.), *rev'd on other grounds*, 308 F.2d 474 (5th Cir. 1962). Therefore, the only question for this Court was whether the Defendants' removal was made within a reasonable time.

Defendants USF&G and F&G Life argue that since they were not parties to the Pro Tanto Release & Settlement Agreement that they had no knowledge of its existence until it was cited by Defendant Smith in a Motion to Dismiss filed by Defendant Smith with the Lamar County Circuit Court on July 31, 1996 (before removal to this Court). Defendants attached a copy of this Motion to Dismiss to their Notice of Removal. The Pro Tanto Release and Settlement Agreement was cited in that Motion to Dismiss as the grounds therefor and a copy was attached. Defendants USF&G and F&G Life removed this action twenty [20] days after the filing of the Motion to Dismiss, i.e., August 21, 1996. Plaintiff disputes none of these dates, but suggests that Defendants F&G Life and USF&G should have had notice of the settlement by virtue of the facts that F&G Life was specifically named therein and that they were involved in litigation arising out of the same alleged fraud in thirty-two [32] other civil cases.

This Court finds Plaintiff's arguments unpersuasive. First, the only mention of Defendant F&G Life in the release is that the Plaintiff preserves her rights against that corporate defendant. Moreover, Defendant USF&G is nowhere mentioned in the Release Agreement. Finally, and perhaps most persuasively, there was a confidentiality agreement contained in the release. Assuming that

9

all parties to the release adhered to its terms (and there are no allegations to the contrary), Defendants USF&G and F&G Life could have had no knowledge of the breadth of the release of Plaintiff's claims against Defendant Smith. Accordingly, this Court finds, determines, and holds that Defendants USF&G and F&G Life removed this civil action within a reasonable time after discovering the fraudulent joinder of Defendant Smith.

### CONCLUSION

For the foregoing reasons, this Court finds, determines and holds that the Motion to Remand, filed by Plaintiff Jimmie Barnes on September 19, 1996 is due to be denied. An appropriate order in conformity with this Memorandum Opinion is contemporaneously entered.

DONE this 31st day of March, 1997

_____
E.B. HALTOM, JR.
SENIOR UNITED STATES DISTRICT JUDGE

**FLORENCE, ALABAMA ADDRESS:**

U.S. District Court
Northern District of Alabama
U.S. Post Office & Courthouse
210 North Seminary Street
P.O. Box 1076
Florence, AL 35630
Telephone: (205) 760-8415

10